IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY PIETRAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06 C 3576 |
| | ) |
| SENTRY INSURANCE COMPANY and | ) |
| CURFIN OLDSMOBILE, INC. d/b/a | ) |
| CURRIE MOTORS DRIVER'S EDGE | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Nancy Pietras filed this insurance coverage action against Sentry Insurance Company and Curfin Oldsmobile, Inc. in the Circuit Court of Cook County, seeking an interpretation of a Sentry insurance policy issued to Curfin. Curfin had assigned certain rights under the policy to Pietras to settle a prior lawsuit. Sentry removed the case to this Court on the basis of diversity jurisdiction. Pietras now asks the Court to remand the case to the Circuit Court of Cook County. For the following reasons, the Court denies Pietras' motion.

**Facts**

In 2005, Nancy Pietras filed a class action suit against Curfin alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* The specific allegations in the class action suit are not at issue on the motion to remand, but in short, Pietras claimed that Curfin accessed Pietras' and other class members' credit information without authorization or a permissible purpose under the FCRA. Pietras and Curfin settled the FCRA suit in February 2006, and Judge Suzanne B. Conlon entered a final order approving the class action settlement and dismissing the

case on May 31, 2006.

Among other things, the settlement required Curfin to pay Pietras and the other class members $420,000. Of the $420,000 settlement, Curfin was to pay $20,000 in cash. The remaining $400,000 was enforceable only against the proceeds of a Sentry insurance policy issued to Curfin. Prior to execution of the settlement agreement, Sentry had notified Curfin that it was denying coverage for the Pietras suit, asserting that the acts alleged by Pietras did not fall within the scope of coverage afforded by the insurance policy. To effectuate the settlement, Curfin assigned to Pietras its rights under the insurance policy. The settlement agreement provided that Pietras could "proceed against insurer by citation, separate lawsuit, or any other manner allowed by law," and that the parties would cooperate fully to consummate the settlement and "the recovery versus the insurer [Sentry]." Def. Resp. to Mot. to Remand, Ex. 3 ¶¶ 1 & 7.

On June 3, 2006, Pietras, having been assigned Curfin's rights under the policy, filed an action in the Circuit Court of Cook County seeking declaratory relief based on Sentry's denial of coverage to Curfin. In addition to naming Sentry as a defendant, Pietras also named Curfin. With regard to Curfin, Pietras alleged that "[t]here is an actual controversy as to the liability of Sentry Insurance Company and Curfin." Compl. ¶ 23. In its prayer for relief, however, Pietras sought relief only against Sentry: a declaratory judgment that Sentry was obligated to defend and indemnify Curfin under the insurance policy, a finding that Sentry had acted vexatiously in failing to do so, and an award of attorneys' fees and costs. *Id.*, p. 4.

Sentry removed the case to this Court based on diversity of citizenship. Pietras is a citizen of Illinois; Sentry is a Wisconsin corporation; and Curfin is an Illinois corporation. On

the face of things, complete diversity did not exist. In its state court notice of removal, however, Sentry asserted that Curfin had been fraudulently joined in the action in order to defeat diversity. Pietras now asks the Court to remand the case to state court and award Pietras attorneys' fees and costs incurred in responding to what she characterizes as the wrongful removal of the state court action.

## Discussion

A party removing a case to federal court based on diversity of citizenship must establish that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship between the plaintiffs and the defendants. 28 U.S.C. § 1332(a); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000). Diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). In this case, there is no dispute that the amount in controversy requirement is met, as Pietras seeks a declaration that she is entitled to recover $400,000 from Sentry under the insurance policy. At issue is whether complete diversity of citizenship exists.

Sentry contends that Curfin was fraudulently joined as a defendant and that as a result its citizenship should be disregarded. Fraudulent joinder involves adding a claim against an in-state defendant that has no chance of success, the effect of which is to defeat diversity jurisdiction. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). When speaking of jurisdiction, "fraudulent joinder" is a term of art; the plaintiff's motives in adding the suspect defendant are not at issue. *Id.*

In this case, it is clear that Pietras has no real claim against Curfin in the declaratory

judgment suit against Sentry and thus no chance of success vis-a-vis Curfin. Pietras has released Curfin from all liability by way of the approved settlement of the FCRA class action suit and, in any event, she seeks no relief from Curfin. Rather, Pietras' present dispute is solely with Sentry. The complaint is clear that what Pietras seeks is a declaration that Sentry is obligated to pay Pietras (the assignee of the Sentry policy) $400,000, as well as other sums.

Pietras argues that she did not fraudulently join Curfin because Curfin, the party to whom the Sentry insurance policy was issued, is a proper party to the coverage action under Illinois law. Mot. to Remand ¶ 8 (citing cases). Pietras' argument misses the mark. Even if Curfin is a proper party to the litigation as a matter of state law, it is not a proper defendant for purposes of diversity of citizenship because there is no "collision of interests" between Pietras and Curfin. *See City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941). "Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision of interest' . . . exists, is therefore not to be determined by mechanical rules. It must be ascertained from the 'principal purpose of the suit'. . . ." *Id.* (internal citations omitted).

Pietras argues that Curfin has an interest in the outcome of the declaratory judgment action because the insurance policy's aggregate limits were not exhausted by the settlement and, because it is an "occurrence" policy, Curfin could still submit a claim falling within the policy period. Reply in Supp. of Mot. to Remand, p. 3. Although Curfin has not weighed in, the Court does not take issue with Pietras' proposition that Curfin potentially could be affected by how the Court ultimately construes the Sentry insurance policy. This argument, however, does not help Pietras in supporting remand. Rather, by Pietras' own reasoning, both Curfin and Pietras have the same goal in this lawsuit: to obtain a construction of the Sentry policy that is as broad as

4

possible.  Even were this not the case, it is clear, at a minimum, that Curfin's interests in the coverage dispute are contrary to those of Sentry, not to those of Pietras.

In *City of Indianapolis*, the Supreme Court explained that to sustain diversity jurisdiction there must be an actual, substantial controversy between citizens of different states.  *City of Indianapolis*, 314 U.S. at 69.  In assessing whether such a controversy exists, a court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute."  *Id.* (internal quotation marks omitted).  *See also Truck Ins. Exchange v. Ashland Oil Inc.*, 951 F.2d 787, 788 (7th Cir. 1992) (finding parties properly aligned where insurance company brought suit to disclaim any liability it might have either to the insured or insured's victim); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177-78 (5th Cir. 1984) (defendant Owens-Corning had no dispute with plaintiffs and was therefore realigned as plaintiff); *Indemnity Ins. Co. v. First Nat'l Bank at Winter Park, Fla.*, 351 F.2d 519, 522-23 (5th Cir. 1965) (no actual dispute between one plaintiff and one defendant resulted in realignment and absence of diversity); *Naidtch v. Banque de Gestion Privee-Sib*, No. 92 C 5290, 1993 WL 424248, at *4 (N.D. Ill. Oct. 19, 1993) (despite being joined as a defendant, defendant was realigned as plaintiff because it shared ultimate interest in outcome of litigation with other plaintiff).

Assuming, as Pietras contends, that Curfin is a proper party to the suit, for purposes of assessing diversity jurisdiction Curfin is properly aligned alongside Pietras as a plaintiff, not alongside Sentry as a defendant.  With Curfin properly aligned as a plaintiff, complete diversity exists between plaintiffs and defendants.

**Conclusion**

For the reasons stated above, the Court denies plaintiff's motion to remand and for attorneys' fees [docket no. 14]. The case is set for a status hearing on November 14, 2006 at 9:30 a.m.

                                              MATTHEW F. KENNELLY
                                              United States District Judge

Date:   November 3, 2006