IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NANCY PIETRAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| vs. | ) Case No. 06 C 3576 |
| | ) |
| **SENTRY INSURANCE COMPANY and** | ) |
| **CURFIN OLDSMOBILE, INC. d/b/a** | ) |
| **CURRIE MOTORS DRIVER'S EDGE** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Nancy Pietras brings this insurance coverage action against Sentry Insurance Company seeking a declaration that Sentry violated its duty to defend Curfin in a suit arising out of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA). To settle the underlying FCRA lawsuit, Curfin assigned certain rights under its Sentry policy to Pietras, including the right to seek a declaration that the Sentry policy provided coverage for the FCRA suit. Sentry has moved for summary judgment, and Pietras has cross-moved for partial summary judgment. For the following reasons, the Court denies Sentry's motion and grants Pietras' motion.

### Facts

The parties do not dispute the material facts. On August 12, 2005, Pietras filed a class action suit against Curfin alleging violations of the FCRA. Pietras alleged that she received a mailed solicitation from Curfin, stating that she had been "pre-approved for an auto loan." Def. R. 56.1 Stat. ¶ 9. The solicitation stated that Curfin had obtained Pietras' credit information and relied on it in making its offer of credit. Pietras claimed that Curfin accessed Pietras' and other

class members' credit information without authorization or a permissible purpose under the FCRA. The FCRA provides that any person who fails to comply is liable to the consumer for actual damages or $1000, whichever is greater. 15 U.S.C. § 1681(n).

Sentry had previously issued Curfin a policy that includes coverage for damages sustained due to "personal and advertising injury caused by an offense arising out of your business." Def. R. 56.1 Stat. ¶ 21 (internal quotation marks omitted). The policy defined "personal and advertising injury" as "oral or written publication of material that violates a person's right of privacy." *Id.* Curfin tendered its defense of the FCRA claim to Sentry pursuant to the policy. On November 9, 2005, Sentry disclaimed coverage, contending that none of the alleged acts fell within the scope of coverage afforded by the Policy. Sentry based its refusal to defend and indemnify on, among other things, its assertion that Curfin's alleged acts did not involve Pietras' private information or "publication" of such information.

Pietras and Curfin settled the FCRA suit in February 2006, and Judge Suzanne B. Conlon entered a final order approving the class action settlement and dismissing the case on May 31, 2006. Among other things, the settlement required Curfin to pay Pietras and the other class members $420,000. Of the $420,000 settlement, Curfin paid $20,000 in cash. The remaining $400,000 is enforceable only against the proceeds of the Sentry insurance policy issued to Curfin, which Curfin assigned to Pietras and the class. Pietras has effectively stepped into Curfin's shoes as the policyholder and brings this coverage action to enforce Curfin's rights.

## Discussion

On cross motions for summary judgment, the Court construes facts and draws inferences "in favor of the party against whom the motion under consideration is made." *In re United Air*

2

*Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006) (citation and internal quotation omitted). Entry of summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). When a district court exercises diversity jurisdiction, it must apply state law as the highest court of that state would apply it. *See AAR Aircraft & Engine Group, Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001). In this case, Illinois law applies.

### 1. Right of privacy

Under Illinois law, "[i]n determining whether an insurer owes its insured a duty to defend, a court looks to the allegations in the underlying complaint against the insured and compares those allegations to the relevant coverage provisions of the insurance policy . . . . If the facts alleged in the underlying complaint fall within or potentially fall within the coverage of the policy, the insurers's duty to defend is triggered." *Guillen v. Potomac Ins. Co.*, 203 Ill. 2d 141, 150, 785 N.E.2d 1, 7 (2003). Policies are liberally construed in favor of the insured, and any ambiguities or conflicts are resolved in favor of coverage. *Canadium Radium & Uranium Corp. v. Indem. Ins. Co.*, 411 Ill. 325, 332, 104 N.E.2d 250, 254 (1952). Because the duty to defend is broader than the duty to indemnify, if an insurer breaches its duty to defend it is estopped from arguing that it has no duty to indemnify and from raising policy defenses. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 150, 708 N.E.2d 1122, 1135 (1999).

The only policy coverage provision at issue is the provision covering "personal and advertising injury." As stated above, "personal and advertising injury" is defined to include "oral or written publication of material that violates a person's right of privacy." Def. R. 56.1

Stat. ¶ 21. Sentry contends that the policies do not provide coverage for the underlying complaint because Curfin's mailed solicitation did not violate the class member's privacy rights or constitute publication. Neither of these arguments have merit.

Sentry claims that the solicitations did not implicate privacy rights because they did not contain any personal credit information about the class members. The FCRA, however, expressly states that it is intended to protect "the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). The FCRA protects the consumer's right of privacy by prohibiting the disclosure of consumer credit information unless obtained for a permissible purpose. A requestor, such as Curfin, must certify to the consumer credit reporting agency that a permissible purpose exists before it can obtain credit information. A permissible purpose includes making a "firm offer of credit" to the consumer. *Id.* at § 1681(b). The class action complaint alleges that Curfin obtained the class members' credit information without a permissible purpose because the solicitations did not make firm offers of credit within the meaning of the FCRA. Moreover, the class action complaint alleges that the FCRA gives consumers the right "to prevent further invasions of privacy . . . ." Aff. of Robert Johnson Ex. 1, ¶ 27(b). Based on the FCRA (upon which the class action complaint is based) and the allegations in the class action complaint, it is difficult to see how the complaint does not allege invasions of privacy that triggered the insurer's duty to defend Curfin. The allegations in the complaint, after all, determine whether coverage is triggered. *See Guillen,* 203 Ill. 2d at 150, 785 N.E.2d at 7.

Sentry cites *American States Ins. Co. v. Capital Ass'n of Jackson Cty., Inc.,* 392 F.3d 939, 943 (7th Cir. 2004), for several propositions regarding whether the "advertising injury" provision provides coverage, including the proposition that privacy rights are implicated only if

a claimant's personal information is disseminated. *American States* is not good law. In November 2006, the Illinois Supreme Court issued its decision in *Valley Forge Ins. Co. v. Swiderski Electronics, Inc.*, 223 Ill. 2d 352, 860 N.E.2d 307 (2006).[1] *Valley Forge* holds that a policy providing coverage for "advertising injury" requires an insurer to defend junk-fax suits brought under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. The policies in *Valley Forge*, like the Sentry policy, define "advertising injury" as "written . . . publication . . . of material that violates a person's right of privacy." The *Valley Forge* court concluded, based on standard dictionary definitions, that the plain meaning of "right of privacy" connotes both an interest in seclusion *and* an interest in secrecy of personal information. *Valley Forge*, 223 Ill. 2d at __, 860 N.E.2d at 317. The court specifically rejected the Seventh Circuit's analysis in *American States* as inconsistent with Illinois' approach to interpreting insurance policy provisions. *Id.* at __, 323. Therefore, even if the Curfin solicitations did not contain personal credit information, they still implicated the consumers' right to privacy protected by the FCRA – the right not to receive credit solicitations sent without a permissible purpose.

    **2.**     **Publication**

The "advertising injury" provision of the Sentry policy also requires "oral or written publication" before coverage is triggered. Sentry claims that the "publication" element is missing from the underlying complaint for several reasons. First, it claims that "publication" means

---

[1] The Court does not imply that Sentry deliberately cited out-dated law. The Illinois Supreme Court issued its opinion in *Valley Forge* on November 30, 2006. Sentry filed its motion for summary judgment the next day. The Court presumes that Sentry was unaware of *Valley Forge* when it filed its motion. Sentry addressed *Valley Forge* in its reply brief.

> that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge . . . .

Def. Mem. at 7 (citing *Miller v. Motorola, Inc.*, 202 Ill. App. 3d 976, 980, 560 N.E.2d 900 (1990)). This definition of "publication," however, is flatly contradicted by *Valley Forge*, in which a single fax transmission to a single recipient constituted "publication." *Valley Forge*, 223 Ill. 2d at \_\_, 860 N.E.2d at 317. Sentry argues, in essence, that the Illinois Supreme Court got it wrong. It contends that the court's holding that sending a single fax transmission to a single recipient constitutes publication ignores the court's own definition. Def. Reply at 6. It urges the Court to use Illinois courts' definition of "public disclosure" that applies to the common law tort of invasion of privacy. *See, e.g., Miller*, 202 Ill. App. 3d at 980, 560 N.E.2d at 903.

      Sentry's argument misses the mark. The Court is not free to disregard *Valley Forge*, as Sentry urges, even if it were so inclined. *Valley Forge* is now the law in Illinois regarding the construction of "publication" in "advertising injury" provisions. Federal courts must apply state law in diversity suits. *See AAR Aircraft & Engine Group*, 272 F.3d at 470. *Valley Forge* expressly holds that "publication" in a policy providing coverage for "advertising injury" includes communication to as few as one person, thereby resulting in coverage for violations of a statute invoking privacy interests, such as the FCRA. *Valley Forge*, 223 Ill. 2d at \_\_, 860 N.E.2d at 317. In light of *Valley Forge*, how courts construe "public disclosure" in relation to the common law tort of invasion of privacy is irrelevant.

      Sentry also argues that "publication" is not an element of an FCRA violation, that the words "publish" or "publication" do not appear in the statute, and it is the act of obtaining a

6

credit report without a permissible purpose that provides the basis for Curfin's liability, not the publication of that information. Def. Mem. at 9. This argument overlooks the allegations in the underlying complaint. Pietras alleged that defendants "sent or caused to be sent" the credit solicitations, Aff. of Robert Johnson Ex. 1, ¶ 10, "approved and authorized the dissemination" of the mailers, *Id.* at ¶ 13, "sent" more than two hundred solicitations, *Id.* at ¶ 16, and that "[t]he sending of [the solicitation] does not qualify as a 'firm offer of credit' within the meaning of the FCRA . . . ." *Id.* at ¶ 27. Though an entity may violate the FCRA by accessing a consumer's credit information even if it does not communicate a solicitation to the consumer, in this case the underlying complaint alleged such communications, which formed the basis of the complaint. As explained above, the communications are quite obviously "publications" as the Illinois Supreme Court in *Valley Forge* construes the term.

For these reasons, the Court holds that the FCRA allegations in the underlying complaint fall within the "advertising injury" provision in the Sentry policy and, therefore, Sentry had a duty to provide Curfin a defense.

### 2. Exclusions

Normally, having found that the "advertising injury" provision in the Sentry policy affords coverage, the Court would determine whether any of the policy's exclusions apply. In this case, however, Sentry breached its duty to defend. Under Illinois law, if a complaint potentially provides coverage, and the insurer believes that a defense to coverage exists, the insurer has two options. It can either seek a declaratory judgment as to its obligations and rights under the policy, or it can defend the insured under a reservation of rights. *Fidelity & Cas. Co. v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 303, 461 N.E.2d 471, 473 (1983). If the

insurer fails to exercise either of these options, and it is later determined that the claim was subject to the insurer's duty to defend the insured, the insurer is estopped from raising policy exclusions or noncoverage as a defense in a coverage action. *Central Mut. Ins. Co. v. Kammerling*, 212 Ill. App. 3d 744, 748, 571 N.E.2d 806, 829 (1991). Moreover, "the estoppel doctrine has broad application and operates to bar the insurer from raising policy defenses to coverage, even those defenses that may have been successful had the insurer not breached its duty to defend." *Ehlco Liquidating Trust*, 186 Ill. 2d at 150, 708 N.E.2d at 1135.

It is undisputed that Sentry neither filed a declaratory judgment action nor defended Curfin under a reservation of rights. Because the Sentry policy provides coverage for the claims in the underlying complaint, Sentry is estopped from relying on the policy exclusions to disclaim coverage.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for summary judgment [docket no. 30] and grants plaintiff's cross-motion for partial summary judgment [docket no. 34].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 6, 2007